STOULIG, Judge.
This litigation arises from a difference of opinion as to who is better qualified to manage the assets of a vacant Presbyterian church. On April 23, 1967, the Westminster Presbyterian Church, U.S.A. of New Orleans, Louisiana (“Westminster”), was dissolved by the Gulf Coast Presbytery because of financial problems. Until its dissolution, this congregation was affiliated with and subject to the Constitution of the United Presbyterian Church of the United States of America, the “mother church” at the national level for affiliated local Presbyterian congregations. The Gulf Coast Presbytery, an adjunct of the mother church, is the ecclesiastical supervisor of many local churches in the southeastern part of the United States. Westminster is within its jurisdiction.
After the dissolution of the congregation the church property ceased to be used for worship services or religious educational purposes. The property has now been vacant for some five years. Title to the property remains in the Westminster Presbyterian Church, a corporation organized under the laws of the State of Louisiana.
This proceeding was initiated by Robert A. Schaneville, who, as a duly elected and qualified member of the Westminster Presbyterian Church, petitioned the district court to be appointed receiver of the assets of the corporation. He alleged the Board of Trustees has abandoned the property and committed acts of mismanagement. It should be noted that his petition to be appointed receiver is predicated upon complaints directed solely against the actions of the trustees, for at that time the corporation was not in receivership.
The individual trustees served with this pleading filed an answer opposing Schane-ville’s appointment and requested the court to name them as co-receivers.
After a trial on the merits, the court ruled in favor of the three trustees, appointing them co-receivers. The judgment reads in part:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein appointing Mrs. Lola DeLatte, Mrs. Margaret Knoker, and Mr. Jack L. Truss, as Co-Receivers of the Westminster Presbyterian Church, U.S.A. of New Orleans, Louisiana, with full power to administer the affairs of the Westminster Presbyterian Church, U.S.A. of New Orleans, Louisiana, according to law.
“JUDGMENT READ, RENDERED AND SIGNED IN OPEN COURT ON SEPTEMBER 1st, 1971.”
From this judgment Schaneville has appealed.
As we read Schaneville’s testimony, his complaint of mismanagement by the trustees is based on their proposed transfer of the real estate (the only remaining asset) to the Gulf Coast Presbytery. One of the exhibits introduced by appellant is an incomplete act of sale, signed by all the now co-receivers in their then capacity as trustees of the church. The act purports to transfer the real estate located on St. Charles Avenue to the Gulf Coast Presbytery. The instrument contains the year 1968, but the month and day are omitted. The trustees signed this document on advice of counsel after it was explained to them the transfer would not be completed or registered in the conveyance records of Orleans Parish until their action was ratified by a vote of the general congregation.
Whether execution without ratification of the proposed transfer precipitated this action (filed September 14, 1968) is not explained in the record. However, we find no merit in appellant’s complaint of mismanagement by the trustees. The proposed transfer does not violate the charter of the Louisiana corporation. Article X thereof states:
“All the corporate powers of this corporation shall be vested in and exercised *906 by a Board of Trustees, consisting of six (6) members, to be elected as above set forth, acting in conformity with the laws of the State of Louisiana and the standards of the Presbyterian Church in the United States of America, but said Board of Trustees shall not have the right or authority to sell or otherwise dispose of, or to mortgage or otherwise encumber, any property of the corporation, except when authorized to do so by the corporation, at a meeting called for that purpose.”
The Presbyterian Church in the United States of America is the same entity as the United Presbyterian Church of the United States of America. The name was changed after the charter was obtained in 1943. Standards of the mother church with respect to the issue before us are set forth in “The Constitution of The United Presbyterian Church in the United States of America 1966-67,” Chapter XXXII, Sections 8 and 11:
“Whether by civil law the trustees of a particular church hold title to its property or are the officers of a corporation which holds title thereto, they shall deal with such property only as they may be authorized or directed by the session, and their authority in respect to the selling, mortgaging, and leasing of real property shall be subject also to any rights reserved to the congregation by civil law or the bylaws of the particular church and to the permission of presbytery as herein provided.
* * * * * *
“Whenever hereafter a particular church is formally dissolved by the presbytery, or has become extinct by reason of the dispersal of its members, the abandonment of its work, or other cause, such property as it may have, both real and personal, shall be held, used, and applied for such uses, purposes, and trusts as the presbytery may direct, limit, and appoint, or such property may be sold or disposed of as the presbytery may direct, in conformity with the Constitution of The United Presbyterian Church in the United States of America.”
Thus the national constitution confers on the Presbytery the authority to determine the future use of vacated church property. And, in incorporating, the Westminster congregation assented to be governed by the principles set forth in the constitution of the mother church.
Nevertheless it is true the Louisiana charter requires the general congregation to first approve any transaction affecting real estate. But we do not think the unusual procedure of executing an incomplete act of sale with the understanding that the transfer would not be complete until it was ratified by the congregation evidences a disregard for the rights or interests of the shareholders in the Louisiana corporation. It appears the trustees were attempting to act in accordance with the constitution of the mother church which was subscribed to in the charter of the local corporation.
There being no statutory prohibition circumscribing the right of the trial court in its appointment of receivers, it necessarily follows that the trial judge has extremely wide latitude of discretion in his determination of those individuals best suited to perform the duties of a receiver. We concur in his decision that the trustees are best qualified to act as the co-receivers. We are impressed by the fact that those appointed have been dedicated workers for the congregation throughout the years, whereas Schaneville, although a member of the “session” (a governing group within the local congregation), had been inactive for some years prior to the dissolution and had attended church services on an irregular basis. We reiterate that the action of the trustees in the premature execution of the purported act of sale does not constitute an act of abandonment or mismanagement nor can it serve as a basis for the denial of their appointment as receivers.
*907 Appellant further contends the lack of interest of the three co-receivers is also evidenced by their failure to qualify themselves to act as receivers after the court appointed them. Apparently appellant takes the position that LSA-R.S. 12:258 requires those appointed to file an oath before they are qualified to act. We disagree. We find no statutory or jurisprudential authority exacting the taking and filing of an oath as a prerequisite for qualifying as a receiver. In the absence of such requirement it can logically he inferred from the statute that the judgment appointing a receiver, an officer of the court, is absolute and becomes executory upon its rendition, subject only to the posting of a bond if such is made a condition of appointment by the trial judge under Section D of the statute. The trial court did not require a bond in the instant appointment.
For the reasons above assigned, the judgment is affirmed, costs of the appeal to be borne by appellant.
Affirmed.